If it may please the Court, Joel Mullen on behalf of the Appellant, Tri-County Metropolitan District of Oregon. The issue here is whether or not there was diversity jurisdiction in the lawsuit filed by my client. Because the defendant was an LLC, you look to the corporate citizenship of the members of the LLC to make that determination. And here what we know is, is that one of the members' SIP management was an administratively dissolved Oregon LLC at the time. And Judge Aiken dismissed the case, finding that an administratively dissolved LLC should be considered for purposes of diversity. We believe she was wrong. The first reason that we believe she was wrong is under the Delaware Code, Section 18-304, Title VI, 18-304. That provides that a person, which includes an LLC, ceases to be a member of a limited liability company. And it says, on a happy note of certain events, to, unless otherwise provided in the limited liability company agreement. And then it lists several events. One of those events is dissolution. The problem is that dissolution is defined to include, I think it's five things under Delaware law, none of which is administrative. I mean, it provides for judicial dissolution, but not for any kind of administrative dissolution. And that's right. Delaware doesn't provide for administrative dissolution. So I think that what you need to do is you need to look at the substance. And what are the powers of an Oregon administratively dissolved LLC? Well, it continues in existence. So does a Delaware LLC after dissolution. Dissolution is the first step towards winding up. Right. And under ORS 63.6513, which is in our attachment here, in the addendum to our brief, what it provides is a limited liability company dissolved, continues its existence, but may not carry on any business except that necessary to wind up and liquidate its business. And that is precisely what it is a judicially dissolved Delaware LLC does. It continues in existence. It has to wind up its affairs. And it can sue and be sued. It's a practical matter. I mean, does it mean that the company can't sue? I mean, normally when a company doesn't pay its taxes or its corporate fees or whatever, it can't sue. But it doesn't mean that it can't be sued. It does not mean that it can't be sued. That's correct. If that's true, I mean, isn't it still in being? And therefore, doesn't it still count for purposes of determining citizenship of the limited partnership entity? Well, I don't think so, Your Honor. And it doesn't because under Delaware law, a Delaware LLC after 100 — after commencement of an action, 120 days after commencement of an action to dissolve the LLC ceases to be a member. That, again, we're going full circle because it's judicial dissolution there, not that Delaware recognizes, not administrative dissolution. And I guess we are because I come back to a judicially dissolved Delaware LLC has precisely the same powers as an administratively dissolved Oregon LLC. There's no distinction at all. And while it is true that the Delaware courts — the Delaware statute, I suppose, didn't think about that issue. I mean, I don't know whether they contemplated it or not, but an Oregon LLC can be a member of a Delaware LLC. And rather than look to how it was dissolved, it's appropriate to look at the substance of its powers. And Delaware made a determination that a business that can only wind up its affairs but can sue and be sued is not a member. And the test under Johnson, Ninth Circuit test, is not whether or not a member can sue or be sued, but whether or not it's a member. That's the test. And here, this LLC was not a member under the Delaware statutes under 304 and, again, under 18801B. So I understand your position to be, then, that at least one, whether or not — well, who's a member of a Delaware LLC is governed by Delaware law? Do you agree to that? I do agree to that. But if you if you go one step backwards, seems to me before you get there, you have to decide whether or not, you know, any member of a Delaware LLC is, I'll say, a viable person or a viable entity. Right. I don't think — In other words, in other words, suppose a natural person, say, in, let's say, Oregon, were declared incompetent by an Oregon court. Wouldn't that have to be accepted by the Delaware courts as, you know, that person is no longer capable of being a member of anything? I think that's correct. That's governed by — that's governed by the law of the domicile of that person. Right? That's correct. Now, the same — now, wouldn't it be the same, say, for a corporation? Suppose a member of the Delaware LLC were a California corporation and say — I'm not sure this is a law, but we'll pretend that I know the law of California. So say the California law says a corporation can be administratively suspended for the nonpayment of taxes. Right. And the California law says a suspended corporation can't be, you know, can't conduct any business, including being a part of any lawsuit. All right? Now, wouldn't that govern whether or not a California corporation could be a member of an Oregon LLC — I mean, a Delaware LLC? I think that's correct, Your Honor. Now, then, if that's true, isn't it the same, you know, with an LLC? No, it's the only — you first have to look to Oregon law to see what the powers of a suspended LLC are. Administrative suspended. Correct. And you know what the powers of an administratively suspended LLC in Oregon are? In other words, can an Oregon LLC that's been suspended sue and be sued, or at least be sued? It can be sued, yes. But what it provides is, is that it may not carry on any business except that necessary to wind up and liquidate its — That's Oregon law? That's Oregon law. That's 63.6513. Well, it's not carrying on business, but it seems to me that's like a voluntary activity. And being a defendant is not a voluntary activity, is it? Are there any cases that interpret that provision? I assume there are. I haven't — I don't have them with me. Give me that. What is this? Is that cited in your brief? It's attached to our brief. It's not cited in our brief. All right. It's attached to your brief. That's why I don't need this. 63.651 part 3. 53.what? 561? 651. 651, right. See, it seems to me if it continues to exist for any purpose, which the statute says on its face that it does, it can be sued. Well, it can be sued. If it can be sued, I don't — I just — I'm having trouble understanding why it's just disappeared for citizenship purposes. Well, because the issue is not whether or not it can be sued on its own. The question is, is whether or not it's a member of — But it exists. It can't do certain things. I mean, it's precluded from doing — affirmatively from doing business. But it exists. And so if it exists, putting aside the defendant's argument about whether you can voluntarily resign from an LLP's liabilities, which I doubt, but putting that aside, if it continues to exist, then why isn't its citizenship matter? Because under Oregon law, and I'll just use this as an example, the Oregon statute is clear that a dissolved LLC is not a member of the LLC. But that can't — Oregon can't control that. That has to be controlled by Delaware law. And we contend that the issues — it's exactly the same thing. And then we get into the judicial versus administrative again. That's correct, Your Honor. That's my time. Thank you very much. Thank you. May it please the Court. Michael Simon for Appellee Butler Block. Every state has organizational rules that govern corporations, partnerships, and limited liability companies. And these rules differ from state to state and can often influence the choice of a person's decision in terms of which state to organize under. For LLCs, one of the key rules that's relevant to this case is the circumstances under which a member of the LLC ceases to be a member. It's possible that Oregon law differs from Delaware law on this question. We do have a district court decision regarding Oregon law. That's the metal mark case. But we don't have any appellate decisions from the Oregon court.  But the key here is whether Delaware law would consider under what circumstances Butler Block's members to continue to be members. That's because Butler Block, the defendant, is a Delaware limited liability company, a Delaware LLC. And under Delaware law, Delaware law does identify specifically the circumstances under which a member of a Delaware LLC ceases to be a member of that Delaware LLC. That can be found in Section 304, Title VI, Chapter 18, Section 304. A person ceases to be a member of an LLC upon a ---- Do you think Federal Rule Procedure 17 plays any part in this? No, I don't, Your Honor. Am I missing something? I mean, does the court think that there might be? I don't think it plays ---- Federal rule says that at least for a corporation, the capacity to sue and be sued shall be determined by the law under which it was organized. Well, to that extent, it does. But I don't think we need to use Federal Rule 17 on this. No, but this LLC was organized in Oregon. Well, no, no. The defendant's LLC was organized under Delaware law. But before you get there, don't you have to get to the capacity of a member? No, not at all. Because what you do is you look to the Delaware law to decide under what circumstances a member ceases to be a member. You'll have to look to Delaware law for that. Are you saying, for instance, that, as I said to your opponent, if a member of a Delaware LLC is a California corporation, and California law says a corporation that doesn't pay its franchise taxes is, you know, prohibited from engaging in any business whatsoever, including being a member of an LLC, you're saying Delaware law overrides that? Yes, because it's a different question, and I do respectfully disagree with my colleague. Because Delaware law gets to decide under what circumstances someone remains a Delaware — a member of a Delaware LLC. Now, suppose California law did say what you describe. Someone might be in violation of California law, and someone might have consequences. It's not a matter of violation. It's a matter of, you know, whether the corporation has any capacity to exist. Sure. But let's — Isn't it? Well, first of all, let me move back from the hypothetical by saying, under Oregon law, even an administratively dissolved LLC continues to exist and has the capacity both to sue and be sued. That's set forth under ORS, Oregon Revised Statutes. See, that might be the answer, because if that's true, then it's sort of like a choice of law question. It doesn't make any difference which law you choose, right? Fair enough. All right. You have cases to support that? I have a statute to support that. The statute is ORS 63.651 — excuse me. Sorry. 63.637, Section 2C. That says under Oregon law, an administratively dissolved LLC has the capacity both to sue and be sued. Now, notwithstanding that, I still submit that you look to Delaware law to decide under what circumstances someone ceases to be a member. Delaware law does not recognize the concept of administrative dissolution. They just don't. Oregon law does. And therefore, there is nothing under Delaware law that would say that a company like SIP, that was the Oregon member of the Delaware LLC, Butler Block, the defendant. There is nothing under Delaware law to say that a mere administrative dissolution in Oregon for failure to pay a modest filing fee, which even Oregon law recognizes can be easily rectified and returned to the status quo ante, but basically, you know, reverts back to the time. There's nothing to say that Delaware law says that that type of consequence of a member in any way precludes a member from continuing to be a member of a Delaware LLC. And it's Delaware law that governs. And we must look to the entire statutory framework in Delaware to decide under what circumstances Delaware would recognize the continuing membership of SIP, notwithstanding anything that happened in Oregon. And that's precisely what the district court below recognized. When the district court said that Delaware law does not recognize the concept of administrative dissolution, therefore, for purposes of Delaware law in deciding whether or not Butler Block continues to have as one of its members the administratively dissolved Oregon LLC, SIP. It's under Delaware law. When you say Delaware law doesn't recognize administrative dissolution, is that a statute that says that? Yes. It's Section 801. Frankly, under Title VI, Commerce and Trade of Delaware, Chapter 18 governs LLCs. And then Chapter 8, Subchapter 8, governs dissolution. The various sections describe dissolution. 801 begins that subchapter. But that's for dissolution of Delaware LLCs. Precisely. It can't govern the dissolution of, you know, LLCs organized in Texas, can it? Of course not. It can't govern the dissolution of Delaware LLCs. It can't govern the dissolution of Delaware LLCs. However, what it does decide is it doesn't. Well, this is an LLC organized in Oregon. It has no effect. Delaware law does not affect how Oregon views its own LLCs. But Delaware law does decide. You know what would be helpful? Yes. You just keep tossing around the word LLC, and there are three of them. Correct. One of them is the parent in it. Exactly. It might be extremely helpful to refer to them by name. Yes. Very good. The parent entity, which is the only defendant in this lawsuit, is Butler Block. Butler Block is the Delaware LLC. It was sued by the plaintiff, TriMet, an Oregon municipal corporation. Delaware, the parent, has two members. One member is an Oregon LLC, SIP, SIP Management. That's the Oregon LLC, SIP. It also has another member. I think we know all that. All Judge Rahm was saying is you should specify which LLC you're referring to when you say, you know, LLC, this LLC. And what we're talking about here is the defendant. Is the defendant fully diverse? Is there complete diversity between plaintiff, the Oregon municipal corporation, and the defendant, Butler Block, the Delaware LLC? And the district court correctly concluded that, no, there was not complete diversity, because as we know from the Ninth Circuit's decision in Johnson, an LLC, a defendant LLC, is a member of all states in which its members are citizens. And here we have two members, SIP and David Paul of the California LLC. And the question then is, does Delaware continue to recognize SIP as a continuing member of Butler Block? No, the question is, does Delaware control the dissolution of SIP? Right? No, that is not the question, with all due respect, Your Honor. That's what I thought you were arguing. No, I'm not arguing that. And the reason why is Delaware controls. It doesn't recognize administrative dissolution. And what was administrative dissolved was the Oregon LLC. Correct. So you're saying Delaware controls the dissolution of an Oregon LLC. It depends on what one means by controls, and that's not what I'm arguing, Your Honor, because for Oregon purposes, SIP was administratively dissolved in Oregon. But the question under Delaware law is, does Delaware continue to recognize SIP, even as a member of Butler Block, even if it was administratively dissolved? Delaware law can easily accept that Oregon has administratively dissolved SIP. Delaware law is not challenging Oregon law on that point. Delaware law accepts that. But then the question is, what's the legal consequence? And under Delaware law. No, but the way you get to the legal consequences, you're saying Delaware doesn't recognize it. No, it's not a dissolution under Delaware law. That's what you're saying. So you're saying it's not effective. Well. That's not to me. That's the same. What's the difference between saying it's not recognized and it's not controlling? Here's the answer to that, Your Honor. When Delaware law uses the phrase dissolution, when it says that the dissolution of a member causes it to cease to be a member, which it says in 304, we have to understand, what does that word dissolution mean? I can't refer, you know. Under Delaware law. No. Why can't that refer to the state under which that member was organized? Because that's not what Delaware law provides. How do you know that? Because if you look at the entire. It uses the word dissolution. It doesn't say dissolution under Delaware law. Well, it defines the word dissolution. Only for Delaware LLCs. True. And SIP is not a Delaware LLC. Correct. So it doesn't govern. Well, Oregon law doesn't decide the question of under what circumstances a member ceases to exist as a Delaware member. Only Delaware can decide that. Right. And Delaware decided that, well, if it's dissolved, it's not a member. The question is what law governs, you know, whether an LLC is dissolved. True. I mean, it's just as sensible to argue that, well, the law of the state of organization controls that question. Well, but I think you're reading some language into the Delaware law that doesn't exist. You're reading a language. Are you? No. The language I think you're reading into the Delaware law is if it's dissolved under any state's law, then it's dissolved. It doesn't say dissolved under Delaware law. It just says dissolved. True. But I think when you look at it. But you're reading it in there, too. Dissolved has more than one meaning. Exactly. And that's why I submit to understand that ambiguity and understand what it means under Delaware law. Well, it is ambiguous. I agree, of course. To understand that one has to look to the entire statutory scheme of Delaware law. And Delaware law has a specific provision to discuss what dissolved means to Delaware for an LLC. And that's what we would submit why the district court was correct. I see that my red light is on. I'd be pleased to answer any other questions, but to thank the Court for its time. Thank you. Thanks. Time's up. Well. I don't know. That is submitted. Thank you. Next matter is. Thank you. Thank you. Thank you.
judges: Pregerson, Rymer, Tashima